FILED
SUPERIOR COURT
OF GUAM

2019 FEB 19 PM 2: 36

CLERK OF COURT

By:_____ *CuS*

## IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| PEOPLE OF GUAM, | ) | Case No. CF0027-18 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **DECISION & ORDER** |
| | ) | |
| BEOM SEOK CHEON, | ) | |
| DOB: 10/16/1999 | ) | |
| | ) | |
| Defendant. | ) | |

### INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on November 21, 2018 on a submission by Beom Seok Cheon ("Defendant") of a Motion to Strike Felony Charge. Defendant is represented by Attorney Curtis Van de Veld and the People of Guam are represented by Assistant Attorney General Rolland Wimberley. After hearing the arguments of the parties and considering the applicable law, the Court issues its Decision and Order.

### BACKGROUND

Defendant was charged with Driving While Under the Influence of Alcohol with Injuries (as a Third Degree Felony), Driving While Under the Influence of Alcohol (as a Misdemeanor), and Reckless Driving with Property Damage (as a Petty Misdemeanor). (Indictment, Feb. 02, 2018). In October 2018, Defendant filed a Motion to Strike Felony Charge, seeking dismissal of the first charge of the indictment. (Mot. Strike Felony Charge ("Mot. Strike"), Oct. 26, 2018).

The People filed an opposition to the motion. (People's Opposition to Mot. Strike Felony Charge, Nov. 07, 2018). On November 21, 2018 the Court heard arguments on the Defendant's motion and took the matter under advisement. (Minute Entry, Nov. 21, 2018).

## DISCUSSION

The Defendant asserts that the first charge of the indictment, Driving While Under the Influence of Alcohol with Injuries (as a Third Degree Felony), should be dismissed from the indictment. (Mot. Strike at 7). In his motion, the Defendant appears to argue that 16 GCA §§ 18104(a) and 18110 ambiguously prescribe two different punishments for the same conduct, i.e., driving under the influence of alcohol and causing injuries to another person. *See id.* at 5. Defendant asserts that under the rule of lenity the Court would be required to resolve this ambiguity in the Defendant's favor by following the less severe punishment guidelines in § 18104(a) and, as such, we should preemptively strike the felony charge from the indictment. *See id.* at 5, 7. The Defendant's arguments fail for two reasons: 1) the Defendant misapplies the authority he cites; and, 2) there is no statutory ambiguity requiring us to apply the rule of lenity.

First, the Defendant misapplies *Blockburger*, 284 U.S. 299 (1932), and *Brown v. Ohio*, 432 U.S. 161 (1977), in arguing that the felony charge should be preemptively struck. Both of the Defendant's cited cases concern the Double Jeopardy Clause's prohibition against cumulative punishments or subsequent prosecution for the same criminal conduct. *Blockburger v. U.S.*, 284 U.S. 299, 304, 52 S. Ct. 180 (1932) (A Defendant may not be punished under separate statutes for a single act when the statutes punish the same offense); *Brown v. Ohio*, 432 U.S. 161, 166, 97 S. Ct. 2221 (1977) (A Defendant may not be successively prosecuted under separate statutes that constitute the same offense under the *Blockburger* test). However, the case before us does not raise the double jeopardy concerns of *Blockburger* and *Brown*. This is first

time the Defendant has been charged with the alleged offenses that occurred on or about January 14, 2018. As such, there is no concern regarding successive prosecutions as the Defendant has not previously been put into jeopardy concerning this offense. *People v. Torres*, 2008 Guam 26 ¶ 18 ("[A]n accused must suffer jeopardy before he can suffer double jeopardy.").

Additionally, the case before us has not even begun trial, and the Defendant has not been convicted or punished with regard to the offenses charged against him. The Court is well aware that should the Defendant be convicted of Driving While Under the Influence of Alcohol with Injuries (as a Third Degree Felony) and Driving While Under the Influence of Alcohol (as a Misdemeanor) there will need to be merging at sentencing, because the Defendant may not be punished for both an offense and its lesser included offense. 9 GCA § 1.22; *See Torres*, 2008 Guam 26 ¶ 42-43 (acknowledging that punishment for both an offense and its lesser included offense arising out of the same act is prohibited under *Blockburger*). However, the mere fact that the Defendant may not be ***punished*** for both offenses does not mean that the Defendant cannot stand trial for both, nor does it support the Defendant's contention that we should dismiss the felony offense from the indictment. Accordingly, the Defendant's cited authority is not applicable to the situation before us, nor does it support the relief requested.

Second, the rule of lenity does not require this Court to dismiss the felony offense. The rule of lenity requires a Court to resolve ambiguities in criminal statutes in favor of the Defendant. *People v. Tenorio*, 2007 Guam 19 ¶ 14. The Defendant argues that the statutes prescribe two separate punishments for the same offense, and therefore, the Court should resolve the ambiguity by finding that the Defendant would have to be punished under the misdemeanor guidelines for first offenders and dismiss the felony charge from the indictment. (Mot. Strike at 5, 7). The statutes the Defendant complains of state:

### § 18104. Conviction of First Violation of 18102; Punishment.

(a) If any person is convicted of a first violation of § 18102 of this Chapter, that person shall be guilty of a misdemeanor and shall be punished by imprisonment in the custody of the Department of Corrections ("DOC") or the Guam Police Department ("GPD") for not less than a mandatory forty-eight (48) hours nor more than one (1) year and a fine of not less than One Thousand Dollars ($1,000) nor more than Five Thousand Dollars ($5,000). In addition, the judge may impose any additional penalties, including requiring the offenders pay restitution to persons injured or for property damaged.

. . .

### § 18110. Vehicular Negligence; Third Degree Felony.

Any violation of subsection (c) or (d) of § 18102 of this Chapter shall be a felony of the third degree.

16 GCA § 18104(a) (1993) and § 18110 (1994). The Defendant argues that §§ 18104(a) and 18110 ambiguously prescribes different punishments for the same offense under § 18102(c) and (d), because § 18104(a) states that first time offenses under all subsections in § 18102 will be a misdemeanor and § 18104(a) also relates to violations that cause personal injury, whereas § 18110 prescribes felony punishment for such offenses. (*See* Mot. Strike at 4-5). Accordingly, the Defendant argues that the rule of lenity would require this Court to punish the Defendant under § 18104(a) because it prescribes the less severe punishment. *Id.* at 7. We disagree.

The rule of lenity only applies where, after resorting to the canons of statutory construction, a court is satisfied that the statute is ambiguous. *People v. Lau* 2007 Guam 4 ¶ 11 n. 5 (citing *U.S. v. Pearson*, 321 F.3d 790, 791 (9th Cir. 2003)). Lenity cannot be invoked simply because a different reading of the statute is possible. *Pearson*, 321 F.3d at 791. In determining the meaning of a statute, the inquiry starts with the plain language. *Sumitomo Const., Co., Ltd. V. Gov. of Guam*, 2001 Guam 35 ¶ 17. However, this Court will not read the language of a statute in such a manner that absurdity or impracticability results. *Id.* The plain

language of a statute should not be read in a manner that circumvents the clear legislative intent. *See id.* In determining legislative intent, the Court should consider each section in conjunction with the others to determine its meaning as a whole.

Reading §§ 18104 and 18110 in a vacuum might lead one to conclude, as the Defendant has, that the legislature has prescribed widely different punishments for the same conduct. (*See* Mot. Strike at 4-5, 7). However, such an absurd reading flies in the face of the legislative intent surrounding the Safe Streets Act, Public Law ("P.L.") 22-020, which added Title 16, Chapter 18 to the Guam Code.[1] The legislative statement reads as follows:

> In recent years, traffic accidents involving motorists driving under the influence of alcohol have risen alarmingly despite previous legislative efforts to curb the problem. The Legislature finds that a revised implied consent law and tougher penalties are needed.

P.L. 22-020 at 3 (available at http://www.guamlegislature.com/22nd_public_laws.htm). It is clear that the legislature, through the Safe Streets Act, intended to curb drunk driving through the imposition of harsh penalties for offenders. Before it was repealed and reenacted, § 18110 simply read: "if any person is convicted of a violation of § 18102 of this Chapter and the offense causes bodily injury to any person other than the driver, such person shall be guilty of . . . a felony of the third degree." *Id.* at 10. Section 18110 was later changed to read that violations of § 18102 (c) and (d)[2] were third degree felonies. P.L. 22-146 at 2 (available at http://www.guamlegislature.com/22nd_public_laws.htm).

It appears to this Court that the legislature intended to punish DUI offenses that resulted in injury to another who is not the driver as a felony, regardless of whether or not the offense

---

[1] Title 16 Chapter 18 has since been repealed and reenacted as Title 9 Chapter 92: "Safe Streets Act of 2018." P.L. 34-107:3 and 107:4.

[2] Section 18102(c) and (d) makes it a crime for a person to operate or be in physical control of a motor vehicle while under the influence of alcohol, or with a blood-alcohol content of 0.08%, where the person's negligent driving, actions forbidden by law, or neglect of a duty imposed by law proximately causes bodily injury to any person other than the driver.

constituted a defendant's first violation. If we read the statute as the Defendant requests, then there is no purpose to the inclusion of § 18110, as first and second violations of §18102(c) and (d) would always be punished as a misdemeanor. *See* 16 GCA §§18104-105. This court declines to read the statute in a manner that will completely render it ineffective, especially given clear legislative history and intent to the contrary. *Sumitomo Const.*, 2001 Guam 35 ¶ 17. Accordingly, the Court finds no ambiguity in the statutes, and declines to apply the rule of lenity to dismiss the first charge of the indictment. *People v. Lau* 2007 Guam 4 ¶ 11 n. 5.

## CONCLUSION

For the reasons stated above, the Court hereby **DENIES** the Defendant's Motion to Strike Felony Charge. A trial setting conference will be held on February 27, 2019 at 3:00 p.m.

**IT IS SO ORDERED** on this 19th day of February, 2019.



**HONORABLE ALBERTO C. LAMORENA III**
**Presiding Judge, Superior Court of Guam**

SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of: A.G.C.

C.Vandevld

Date: 2/19/19 Time:

C.A. Carlos

Deputy Clerk, Superior Court of Guam